BENJAMIN B. WAGNER
United States Attorney
JEFFREY A. SPIVAK
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   v.<br><br>APPROXIMATELY $65,000.00 IN U.S. CURRENCY, and<br><br>APPROXIMATELY $14,500.00 IN U.S. CURRENCY,<br><br>       Defendants. | 2:13-CV-02666-GEB-KJN<br><br>STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER<br><br><br><br>DATE:         N/A<br>TIME:         N/A<br>COURTROOM:  N/A |

      The United States and Claimants James Vue and Padee Vue (collectively, the "claimants") hereby stipulate that a stay is necessary in the above-entitled action, and request that the Court enter an order staying all further proceedings until the resolution of the related state criminal case against claimant James Vue regarding the defendant currency.

      1.    Each claimant has filed a claim and answer in this *in rem* forfeiture action, asserting they are innocent owners of the defendant currency.  ECF Nos. 8, 10.

      2.    The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21

U.S.C. § 881(i).  The United States contends that the defendant currency is money furnished and intended to be furnished in exchange for a controlled substance or listed chemical, constituted proceeds traceable to such an exchange, and was used and intended to be used to commit or facilitate a violation of 21 U.S.C. §§ 841 *et seq.*

3.  Claimant James Vue was charged with state crimes related to the defendant currency in the following cases: State of California. v. James Vue, MCRDCRF 13-0005317-002.  The United States intends to depose the claimants regarding their ownership of the defendant currency, as well as their knowledge of the source of the defendant currency.  If discovery proceeds at this time, claimants will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claims to the defendant currency, or waiving their Fifth Amendment rights and submitting to a deposition and potentially incriminating themselves.  If they invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed with this court.

4.  In addition, claimants intend to depose, among others, the agents involved with this investigation, including but not limited to, the agents with the Drug Enforcement Administration.  Allowing depositions of the law enforcement officers at this time would adversely impact the state prosecution.

5.  The parties recognize that proceeding with these actions at this time has potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimants' ability to assert any defenses to forfeiture.  For these reasons, the parties jointly request that these matters be stayed until the conclusion of the related

///
///
///
///
///

Stipulation for a Stay of Further Proceedings

criminal case. At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

Dated: 2/19/14

BENJAMIN B. WAGNER
United States Attorney

By: /s/ Jeffrey A. Spivak
JEFFREY A. SPIVAK
Assistant U.S. Attorney

Dated: 2/19/14

/s/ John Balaz
JOHN BALAZ
Attorney for Claimants
James Vue and Padee Vue

(Authorized via email 2/19/14)

## ORDER

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i) until the conclusion of the related criminal case. A joint status report shall be filed within fourteen days after the conclusion of the criminal case.

IT IS SO ORDERED.

Dated: February 20, 2014

GARLAND E. BURRELL, JR.
Senior United States District Judge