BENJAMIN B. WAGNER
United States Attorney
JEFFREY A. SPIVAK
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-CV-02666-GEB-KJN |
| Plaintiff, | |
| v. | FINAL JUDGMENT OF FORFEITURE |
| APPROXIMATELY $65,000.00 IN U.S. CURRENCY, and | |
| APPROXIMATELY $14,500.00 IN U.S. CURRENCY, | |
| Defendants. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1.  This is a civil action *in rem* brought Approximately $65,000.00 in U.S. Currency, which was seized on or about July 18, 2013 and Approximately $14,500.00 in U.S. Currency, which was seized on or about July 22, 2013 (together, collectively, the "Defendant Currency").

2.  A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on December 30, 2013, alleging that said Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

3.  On December 31, 2013, the Clerk issued a Warrant for Arrest for the Defendant Currency, and that warrant was duly executed on January 2, 2014.

4. Beginning on January 7, 2014, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on February 6, 2014.

5. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individual(s):

      a. James Vue
      b. Padee Vue
      c. Pang Vue
      d. Meng Vue

6. Claimants James Vue and Padee Vue ("Claimants") filed a claim alleging an interest in the Defendant Currency on January 29, 2014, and an answer to the Complaint on February 7, 2014. No other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

7. The Clerk of the Court entered a Clerk's Certificate of Entry of Default against Pang Vue and Meng Vue on March 5, 2014. Pursuant to Local Rule 540, the United States and Claimants thus join in a request that as part of the Final Judgment of Forfeiture in this case the Court enter a default judgment against the interests, if any, of Pang Vue and Meng Vue without further notice.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. That judgment is hereby entered against claimants James Vue and Padee Vue and all other potential claimants who have not filed claims in this action.

3. Upon entry of a Final Judgment of Forfeiture, $32,500.00 of the Approximately $65,000.00 in U.S. Currency and all of the Approximately $14,500.00 in U.S. Currency, together with any interest that may have accrued on the total amount

seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

4. Upon entry of a Final Judgment of Forfeiture herein, but no later than 60 days thereafter, $32,500.00 of the $65,000.00 in U.S. Currency shall be returned to claimants James Vue and Padee Vue through their attorney John Balazs.

5. The United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure, arrest, or forfeiture of the Defendant Currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure, arrest, or forfeiture, as well as to those now known or disclosed. Claimants waived the provisions of California Civil Code § 1542.

6. Claimants waive any and all claim or right to interest that may have accrued on the Defendant Currency.

7. All parties are to bear their own costs and attorneys' fees.

8. The U.S. District Court for the Eastern District of California shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

## CERTIFICATE OF REASONABLE CAUSE

9. Based upon the allegations set forth in the Complaint filed December 30, 2013, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure and arrest of the Defendant Currency, and for the commencement and prosecution of this forfeiture action.

SO ORDERED.

Dated: June 24, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3

Final Judgment of Forfeiture